**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JASON CALLAHAN                                                                    PLAINTIFF

V.                              **CASE NO. 3:20-CV-00296-LPR-ERE**

COMMISSIONER of
SOCIAL SECURITY ADMINISTRATION                                   DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.  INTRODUCTION

On August 22, 2018, Jason Callahan applied for disability benefits, alleging disability beginning January 4, 2018. (Tr. at 15). His claims were denied both initially and upon reconsideration. Id. After conducting a hearing on March 11, 2020, an Administrative Law Judge (ALJ) denied Mr. Callahan's application on April 6, 2020. (Tr. at 25).

1

Following the ALJ's order, Mr. Callahan sought review from the Appeals Council, which denied his request for review. (Tr. at 1-4). The ALJ's decision thus stands as the final decision of the Commissioner, and Mr. Callahan now seeks judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

## II.  THE COMMISSIONER'S DECISION

The ALJ found that Mr. Callahan had not engaged in substantial gainful activity since the alleged onset date of January 4, 2018. (Tr. at 18). At Step Two, the ALJ found that Mr. Callahan had the following severe impairments: depression, anxiety, coronary artery disease with Wolff-Parkinson-White Syndrome, and degenerative disc disease. Id. After finding Mr. Callahan's impairments did not meet or equal a listed impairment (id.), the ALJ determined that he had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that: (1) he could only occasionally stoop, crouch, kneel, crawl, climb, and balance, while performing tasks that allow him to use a cane when standing and walking; (2) he could engage in work that does not involve tasks performed at unprotected heights or around dangerous moving machinery; (3) he could perform work where interpersonal contact is incidental to the work performed, with incidental defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment, and making change; (4) the complexity of tasks could be learned by demonstration or repetition within 30 days, with few variables and requiring little judgment; and (5) supervision required would be simple, direct, and concrete. (Tr. at 20).

2

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Mr. Callahan was unable to perform any of his past relevant work as a production line welder, dump truck driver, or construction worker, but that Mr. Callahan's RFC would allow him to perform jobs that exist in significant numbers in the national economy, including the jobs of table worker and document preparer. (Tr. at 24-25). The ALJ concluded, therefore, that Mr. Callahan was not disabled. (Tr. at 25).

## III.  DISCUSSION

### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.  Mr. Callahan's Arguments on Appeal

Mr. Callahan contends that the ALJ's decision is not supported by substantial evidence. He argues that the ALJ did not properly evaluate his subjective complaints and

failed to offer a clearly articulated basis for discrediting them. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Callahan specifically argues the ALJ erred in discounting his complaint of lumbar back pain. "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). An ALJ does not need to explicitly discuss each of the *Polaski* factors, and the ALJ can reject complaints which are inconsistent with the evidence as a whole. *Id*. A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted).

The Court finds that substantial evidence supports the ALJ's decision to discount Mr. Callahan's complaints. In assessing Mr. Callahan's credibility, the ALJ considered numerous facts from the record as a whole and noted several inconsistencies which support his credibility finding.

First, the ALJ found Mr. Callahan's activities of daily living—which include driving, shopping, cooking, cleaning, doing laundry, and mowing—were inconsistent with his complaints of disabling pain. *See Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017) (driving, shopping, cooking, and doing laundry may be inconsistent with disabling pain).

Mr. Callahan argues the ALJ exaggerated his abilities, but other specific instances from the record also demonstrate Mr. Callahan's pain was not as severe as he claimed. For example, the ALJ noted that only one month after neck fusion surgery, Mr. Callahan was working on plumbing at his home. (Tr. at 1022-1025). And despite reporting a series of falls in 2018 (Tr. at 105, 349), Mr. Callahan was still willing and able to climb onto the roof of his trailer in January 2019 to do work (Tr. at 23, 767). An ALJ can properly rely on evidence of these activities to support a credibility finding. *See Wagner v. Astrue*, 499 F.3d 842, 852 (8th Cir. 2007) (affirming district court decision finding claimant's subjective complaints not fully credible where claimant engaged in "extensive daily activities").

Second, the ALJ explained that, despite complaints of disabling pain, and despite being referred to pain management in July 2018, Mr. Callahan did not begin pain management treatment until January 2020. (Tr. at 22). After missing two scheduled appointments, Mr. Callahan reported that he could not commit to treatment because he was unsure if he would be going back to jail and because he lacked transportation. (Tr. at 841, 845). Mr. Callahan's failure to timely seek pain management treatment contradicts his complaints of disabling pain. *See Moad v. Massanari*, 260 F.3d 887, 892 (8th Cir. 2001).

Third, the ALJ found that Mr. Callahan's testimony about the side effects of his medication was inconsistent with reports he made to his physicians. (Tr. at 22, 53, 293, 812, 865, 1409). Similarly, although Mr. Callahan testified to using a cane since 2018, the record shows he attended a 2019 neurology appointment without a cane (Tr. at 841), and the consultative physician documented that he could stand and walk without the use of assistive devices (Tr. at 754). These inconsistencies between Mr. Callahan's testimony and

the record evidence further support the ALJ's credibility finding. *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

Finally, the ALJ determined that Mr. Callahan's testimony regarding his "history of mini-strokes" was unsupported by the medical record. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (lack of objective medical evidence is relevant to claimant's credibility). At the hearing, Mr. Callahan testified to having recurring symptoms stemming from "seven or eight" strokes (Tr. at 57), but only one such incident is documented in the medical record. The record shows that Mr. Callahan sought evaluation for symptoms of headache and left-sided numbness and weakness in June 2019. (Tr. at 1077). Despite his symptoms, clinical notes from the encounter indicate that Mr. Callahan presented as alert and coherent, walked to the ER without difficulty, and showed no signs of slurred speech or slowness of thought process. *Id*. An extensive stroke workup, including a head CT, CT angiogram, brain MRI, EEG, and echocardiogram, provided unremarkable results. (Tr. at 1074). An examining neurologist opined that the episode was related to a previous neck issue. (Tr. at 1070). Nevertheless, Mr. Callahan's diagnosis at discharge was "transient cerebral ischemic attack, unspecified." (Tr. at 1064).

To corroborate his testimony that he suffered multiple, recurring strokes, Mr. Callahan points only to clinical notes from a November 2019 emergency visit wherein he reported similar symptoms. (Tr. at 1283). However, test results from that visit were again unremarkable and he was ultimately diagnosed with a headache. (Tr. at 1283, 1289). Thus, the Court finds support for the ALJ's assessment that Mr. Callahan's testimony was inconsistent with the medical evidence.

The Court finds that the ALJ applied the proper legal standards in evaluating Mr. Callahan's subjective complaints. Because the ALJ articulated several valid reasons for discounting Mr. Callahan's credibility, the Court should defer to his findings.

## IV.  CONCLUSION

The ALJ did not err in discrediting Mr. Callahan's testimony. Substantial evidence supports the Commissioner's decision that Mr. Callahan was not disabled. The Court should affirm the Commissioner's decision and enter judgment in favor of the Defendant.

IT IS SO ORDERED this 2nd day of November, 2021.


_____

UNITED STATES MAGISTRATE JUDGE